### No. 478
### BALT. & O. R. R. v. MILLER, et.
### Ohio Appeals, 6th Dist., Erie Co.
### No. 226. Decided April 16, 1926

225. CHARGE OF COURT—Held not error for court to omit in charge, concerning automobile collision, that plaintiff could not assume that defendant's agent was driving in lawful manner if he knew he was not doing so, in view of evidence and whole charge.

2. When court charges upon ordinance, and counsel does not ask for additional instruction he cannot be heard to complain later.

**First Publication of this Opinion**

WILLIAMS, J.

It appears from the evidence in this case that while Paul Cebull, accompanied by one Roland Bauman was driving an automobile northerly on Wayne Street, in Sandusky, and Edmon Miller was driving easterly on Adams Street; the two cars collided in the northeasterly part of the intersection of these two streets and Miller sustained a very serious injury on the neck. The two in the first car were engaged on business of the railroad.

Miller brought suit against the B. & O. and Gerald Tracy, the latter being the owner of the automobile. The issues involved were those of negligence, proximate cause and contributory negligence. Upon trial of the case in the Erie Common Pleas a judgment was rendered against the railroad for $9,650.00, the court also rendered judgment against Tracy. The railroad prosecutes error against Miller and Tracy seeking a reversal.

The Court of Appeals held:

1. The railroad claims, among other things that the court erred in instructing the jury as follows:

"If you find from the evidence that the automobile driven by Cebull was approaching Adams St., and that plaintiff was driving easterly along Adams St., and if you find from the evidence that the plaintiff arrived at the intersection prior to the time of the defendant's car, and at such time, as in the exercise of reasonable care, he believed or had reason to believe he might cross the intersection before Cebull's car had arrived at the intersection, assuming as plaintiff had the right to assume that Cebull would operate the car in a lawful manner, then plaintiff had the right to proceed to cross such intersection and then of course he would not be, under such circumstances, guilty of violating the ordinance."

2. It is claimed by the railroad that while the quotation from the charge to jury may state the law with substantial accuracy, that in view of the evidence adduced at the trial it was erroneous and prejudicial.

3. Miller testified that he saw the car which Cebull was driving when it was approximately 300 feet from the intersection; and that he judged that Cebull was far enough away that he could cross the street.

4. Of course Miller had a right to assume that Cebull would operate his car in a lawful manner if he had no actual knowledge to the contrary.

5. The charge as given makes no reference to the principle that Miller could not assume that Cebull would operate his car in a lawful manner if he actually knew that he was not doing so.

6. While the charge as given is in this respect subject to criticism, we do not feel, in view of the evidence in the case and the language of the whole charge, that the charge was, for this reason, prejudicial to the rights of the railroad.

7. The lower court also charged upon an ordinance of Sandusky relative to right of way, and counsel for the railroad claim that the jury would be mislead as to its wording in that only when the two automobiles arrived at the intersection at the same time would one on the left have to give way to the one on the right.

8. Counsel did not ask for additional instructions regarding this phase of the case and was not in any way prejudiced by the charge.

Judgment affirmed.

(Richards and Young, JJ., concur.)

Attorneys—King, Ramsey, Flynn & Pyle, Sandusky for B. & O.; Young & Young, Norwalk, for Miller.